UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-mj-349(1) (JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER FOR DETENTION AND** |
| ) | **FINDING OF PROBABLE CAUSE** |
| LEON KISMIT BELL, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on May 6, 2022, for a hearing on the United States' Motion for Detention pursuant to 18 U.S.C. §§ 3142(f) and (g), and a preliminary hearing on the Government's Complaint pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure.

At the hearing, Defendant Leon Kismit Bell was present and represented by Douglas Olson from the Office of the Federal Defender. The Government was represented by Harry M. Jacobs, Assistant United States Attorney.

Mitchell Mabry, who is a Special Agent with the Federal Bureau of Investigation, testified at the hearing regarding the facts and circumstances surrounding the current allegations against Mr. Bell.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Based on the record before the Court, including the Complaint and the testimony of Special Agent Mabry, and the arguments of counsel, the Court finds that

the Government established probable cause to believe that Mr. Bell committed carjacking in violation of 18 U.S.C. § 2119(1).

2.  Based on the record before the Court, including the nature of the charges, Mr. Bell's criminal history, the bond report, the testimony of Special Agent Mabry, the recommendation of the probation office, and the arguments of counsel, the Court further finds there is no condition or combination of conditions that would assure the safety of the community or the appearance of Mr. Bell if he is released pending trial.

3.  Pursuant to 18 U.S.C. § 3142(e), detention is appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

1.  Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Mr. Bell is required to appear for further proceedings in this matter.

2.  Mr. Bell is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3.  Mr. Bell shall be afforded reasonable opportunity to consult privately with his lawyer.

4.  Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Mr. Bell is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.

Dated:  May 9, 2022            *s/  John F. Docherty*
The Honorable John F. Docherty
United States Magistrate Judge