UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Leon Kismit Bell,<br><br>   Defendant. | Case No. 22-cr-89(1) (WMW/TNL)<br><br><br>**ORDER** |

Harry Jacobs, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Douglas Olson and Sarah Weinman, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 26;

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 28;

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 29;

4. Defendant's Motion for Discovery and Inspection, ECF No. 30; and

5. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 31.[1]

---

[1] Defendant also filed a Motion to Suppress Evidence Obtained as a Result of Search and Seizure, ECF No. 32, and a Motion to Suppress Statements, Admissions, and Answers, ECF No. 33. At the hearing, Defendant informed the Court that these motions were moot. ECF No. 44. Accordingly, the Clerk of Court will be directed to term them.

1

A hearing was held on July 18, 2022. ECF No. 44. Harry Jacobs appeared on behalf of the United States of America (the "Government"). Douglas Olson appeared on behalf of Defendant. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2, ECF No. 26, is **GRANTED**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Defendant had no objection to the Government's discovery requests.

The parties, *see infra* ¶ 5, seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government proposed that the parties make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial. ECF No. 26 at 2. At the hearing, Defendant had no objection to the Government's proposed timeline.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 28, is **GRANTED**. Defendant requests disclosure of "any 'bad act' or 'similar course of

conduct' evidence [the Government] intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence" and "the purpose for which the evidence is being offered" three weeks prior to trial.  ECF No. 28 at 1.

In its response, the Government stated that it will "comply fully" with its obligations under Fed. R. Evid. 404(b) and proposed to make its disclosures two weeks prior to trial.  Gov't's Resp. at 2, ECF No. 37.  The Government further requested that any order "be strictly drawn to require no more than what is encompassed by Rule 404(b)," asserting that "Rule 404(b) does not encompass acts that are 'intrinsic' to the charged offense."  Gov't's Resp. at 2.

At the hearing, the Government agreed to Defendant's proposed timeline of three weeks.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ."  *United States v. Ruiz-Chavez*, 612 F.3d 983, 988

(8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Therefore, consistent with the parties' agreement, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 29, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Moore v. Illinois*, 408 U.S. 786 (1972).

The Government states that it "will fully comply with its discovery obligations under *Brady* and *Giglio*[ *v. United States*, 405 U.S. 150 (1972)]," and has already "substantially complied with its obligations to provide evidence favorable to the defense." Gov't's Resp. at 3. The Government states that "[i]f any such additional

4

evidence comes to [its] attention, [it] will turn [the evidence] over promptly and sufficiently before trial to enable Defendant to make effective use of it." Gov't's Resp. at 3.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall

5

comply fully with its obligations under *Brady* and its progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations or seeks materials that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

4. Defendant's Motion for Discovery and Inspection, ECF No. 30, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks materials subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) of the Federal Rules of Criminal Procedure. The Government states that it "has made Rule 16 disclosures and will continue to supplement its disclosures as additional materials come[] into its possession." Gov't's Resp. at 3.

Defendant's motion is granted in part to the extent he seeks responsive information subject to disclosure under Rule 16(a)(1)(A), (B), (D), (E), and (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order, or that the Government is otherwise obligated to disclose by law. Defendant's motion is otherwise denied. *See Johnson*, 228 F.3d at 924.

5. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF

6

No. 31, is **GRANTED**. Pursuant to Fed. R. Crim. P. 16(a)(1)(G), Defendant seeks "disclosure of expert testimony and a written summary of all expert testimony that the [G]overnment intends to use" at trial.

Consistent with the parties' agreement, *see supra* ¶ 1, no later than 30 days prior to trial, the Government shall make its principal expert disclosures, and no later than 10 days prior to trial, the Government shall make any rebuttal expert disclosures.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: August  17  , 2022                    *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota

                                            *United States v. Bell*
                                            Case No. 22-cr-89(1) (WMW/TNL)